```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION
```

JOHNNIE LITTLE,                    )
                                   )
                Petitioner,        )
                                   )
        vs.                        )    No. 4:07CV357-DJS
                                   )
TROY STEELE,                       )
                                   )
                Respondent.        )

### ORDER

This matter is before the Court on the report and recommendation of the United States magistrate judge [Doc. #19], recommending denial of petitioner Johnnie Little's petition for writ of habeas corpus [Doc. #1], and petitioner's objections thereto [Doc. #22]. Pursuant to 28 U.S.C. § 636, the Court will conduct a de novo review of those portions of the report and recommendation to which specific objections are made.

### Background

On October 29, 1999, a jury in the Circuit Court of the City of St. Louis, Missouri convicted petitioner of murder in the first degree, robbery in the first degree, and two counts of armed criminal action in connection with the death and robbery of Merle Brame in August of 1997. Doc. #19, p. 1. On December 19, 1999, petitioner was sentenced to two life terms and one fifteen-year term, to be served consecutively. Id. at 2.

On direct appeal, petitioner alleged that the trial court

erred when it permitted the prosecutor to misdefine the term "deliberation" during closing argument, thereby lowering the state's burden of proof on an element of the first-degree murder charge. Id. Reviewing the claim for plain error because trial counsel did not object to the prosecutor's argument, the Missouri Court of Appeals affirmed the convictions and sentences. Id.

Petitioner subsequently moved for post-conviction relief pursuant to Missouri Supreme Court Rule 29.15, alleging that his trial counsel was ineffective for failing to call petitioner to testify on his own behalf at trial, for failing to investigate or call several witnesses, and for failing to request a jury instruction that would have instructed the jury not to draw an adverse inference from the fact that petitioner did not testify. Id. at 2-3. The Circuit Court held an evidentiary hearing on petitioner's motion and subsequently denied relief. Id. at 3. Petitioner appealed the denial of his post-conviction motion to the Missouri Court of Appeals, and that court affirmed the motion court's judgment. Id.

The Missouri Court of Appeals summarized the facts adduced at trial as follows:

> Family members discovered the body of 76-year-old Merle Brame (Victim) in the kitchen of her home on August 27, 1997 in the City of St. Louis. Victim had been hit on the head with a saucepan and then strangled with shoelaces. When discovered, her clothing was covered in blood and the shoelaces were imbedded in her neck. Her entire house was in disarray and her purse was missing. The kitchen floor, garage floor, and doormat were covered with bloody shoe prints matching Converse

> brand tennis shoes.
> About two months later, the police received a tip to investigate Defendant. The police asked Defendant to come to the police station with them to discuss the situation. After waiving his rights, Defendant denied any involvement. When his fingerprints were taken, Defendant began to cry. He then made a videotaped statement confessing to the murder of Victim. He said he knew Victim from church and Victim allowed him to stay at her house because he was homeless. The next day Defendant believed Victim was going to ask him to leave, so he removed his shoelaces and strangled her. Afterward, he stole money from her. Then, he washed his Converse tennis shoes and took them to his cousin's house.
> A short time later, Defendant recanted his confession and told the police he made up the story about killing Victim to make a name for himself on the street. In a later interview on the same day, Defendant told police he did go to Victim's house to rob her, but got no answer when he knocked on the door. He entered the house from the back and discovered her body on the floor. He then took money from the house.
> The police located Defendant's Converse tennis shoes at his cousin's house. Testing of the shoes revealed blood splatters on them. DNA testing showed the blood was consistent with Victim's blood. An autopsy showed Victim died by strangulation. Defendant strangled victim for approximately ten minutes. In addition, the day before the discovery of Victim's body, Victim's neighbor observed someone on her porch talking to her. The neighbor later identified the person as Defendant. Defendant was speaking to her through the front door, which was unusual for Victim who usually came out onto the porch.

Id. at 6-7.

**Instant Petition**

The instant petition for writ of habeas corpus was filed in this Court on February 20, 2007. Petitioner raises four bases for relief pursuant to 28 U.S.C. § 2254:

    1. The trial court violated petitioner's right to Due

3

>    Process when it allowed the prosecutor to misdefine the term "deliberation" during closing argument.
>
> 2. Trial counsel was ineffective inasmuch as he did not have petitioner testify on his own behalf during trial.
>
> 3. Trial counsel was ineffective inasmuch as he did not call Darlene Peterson to testify on petitioner's behalf.
>
> 4. Trial counsel was ineffective inasmuch as he did not request jury instruction MAI-CR 3d 308.14, which would have instructed the jury not to draw an adverse inference from the fact that petitioner did not testify.

Doc. #22, p. 1. The magistrate issued his report and recommendation on January 6, 2010, in which he analyzes these four grounds for relief. After a thorough analysis, the magistrate recommends that petitioner's writ of habeas corpus be denied.

### Standard of Review

As stated above, pursuant to 28 U.S.C. § 636(b)(1), the Court gives de novo consideration to those portions of the report and recommendation to which objections are made. In order to trigger such review, the objections must be sufficiently specific, addressing particular findings or conclusions of the magistrate or asserting specific allegations of error. See, e.g., Nabors v.

United States, 929 F.2d 354, 355 (8th Cir. 1990); Thompson v. Nix, 897 F.2d 356, 357-58 (8th Cir. 1990); Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989) (citing Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984)). "[P]roviding a complete de novo determination where only a general objection to the report is offered would undermine the efficiency the magistrate system was meant to contribute to the judicial process." Goney, 749 F.2d at 7.

**Petitioner's Objections**

Petitioner states an objection to the standard of review applied by the magistrate and objections to the magistrate's analysis of each of the four grounds for relief. The Court will review each objection according to the standard set out above.

**Standard of Review Applied by the Magistrate**

Petitioner objects to the magistrate's report, asserting that "the magistrate judge erroneously applied AEDPA standards." Doc. #22, p. 1. Petitioner asserts that the Missouri Court of Appeals' opinion was not an adjudication on the merits for purposes of § 2254(d)(1) and that the magistrate erroneously gave deference to the opinion. Petitioner cites the reported opinion from the Missouri Court of Appeals, Missouri v. Little, 34 S.W.3d 241 (Mo. Ct. App. 2000), and argues that the Court is without the "benefit on any extended analysis by which the Missouri Court of Appeals made its determination that Petitioner was [not] entitled to relief on any of the claims properly brought before it." Doc. #22, p. 2.

5

Petitioner cites <u>Bell v. Jarvis</u>, 236 F.3d 149 (4th Cir. 2000) (en banc), in support of his argument. In <u>Bell</u>, the Fourth Circuit stated:

> When the state court fails to articulate the rationale behind its ruling, we must independently review the record and the applicable law. However, this independent review of the record and applicable law must be distinguished from a de novo review of the petitioner's claims and from a requirement that we make an independent determination on the merits of those claims. It does not render the difference between de novo review and reasonableness review insignificant or equate to a requirement that the federal court independently ascertain whether, in its judgment, there has been a violation of the petitioner's constitutional rights prior to determining whether the state court's decision was reasonable. Rather,
>> we must uphold the state court's summary decision unless our independent review of the record and pertinent federal law persuades us that its result contravenes or unreasonably applies clearly established federal law, or is based on an unreasonable determination of the facts in light of the evidence presented.... Our review is in fact deferential because we cannot grant relief unless the state court's <u>result</u> is legally or factually unreasonable.

<u>Id.</u> at 163 (quoting <u>Aycox v. Lytle</u>, 196 F.3d 1174, 1178 (10th Cir. 1999))(internal citations omitted). Given that statement of the law, <u>Bell</u> seems to contradict, rather than support, petitioner's position that the magistrate applied the incorrect standard.

Applicable Eighth Circuit authority comports with <u>Bell</u>. In <u>James v. Bowersox</u>, 187 F.3d 866 (8th Cir. 1999), the petitioner challenged a portion of the prosecutor's closing argument, arguing it was error for the trial court to have not declared a mistrial, sua sponte, after the prosecutor called the petitioner "slime" and

6

made other inflammatory remarks. Id. at 868-69. The Missouri Court of Appeals conducted a plain error review because no objection was lodged with the trial court. Id. at 869. The Eighth Circuit declined to conduct its own plain error review, de novo, because of the deferential standard mandated by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Id. Under that deferential standard, habeas relief will not be granted unless the state court decision "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." Id. The court concluded that a short, summary opinion by the Missouri Court of Appeals did not affect the standard of review applied by federal courts. Id.

To the extent that the Missouri Court of Appeals' opinion in this case can be considered summary, the magistrate correctly applied the above stated standard. Furthermore, petitioner's characterization of the Missouri Court of Appeals' opinion as "summary" is misleading and erroneous. This Court and the magistrate have the benefit of an extended analysis of the merits of petitioner's claims by the Missouri Court of Appeals in Respondent's Exhibit E. Exhibit E includes the reported portion of the Missouri Court of Appeals' decision and an unreported "memorandum opinion for the use of the parties only[,] setting forth the reasons for [the court's] decision." Resp. Exh. E, p. 1. With Exhibit E, the magistrate, and now this Court, are able to

7

examine why the Missouri Court of Appeals affirmed petitioner's convictions.

Because the magistrate applied the correct standard of review to the state court decisions, petitioner's objection will be overruled.

**Ground 1**

In Ground 1, petitioner asserts that the trial court violated his right to due process under the United States Constitution when it allowed the prosecutor to misdefine the term "deliberation" during closing argument, thereby lowering the state's burden of proof. In his objections, petitioner "objects to the conclusion the Magistrate Judge made concerning Ground One." Doc. #22, p. 3. This "objection" is not sufficient to warrant de novo review. See, e.g., Nabors, 929 F.2d at 355. Petitioner makes a specific objection that the Missouri Court of Appeals applied a procedural bar when it analyzed his claim for plain error and, accordingly, that court's decision was not an adjudication on the merits to which the magistrate could defer.

Given petitioner's objection, the Court conducted a de novo review of the standard of review applied by the magistrate and concludes that the petitioner's objection is without merit. The Missouri Court of Appeals did not apply a procedural bar. The court reached the substance of petitioner's claim and conducted a plain error review of the alleged trial defect. Plain error is an

appropriate review of alleged defects that were not objected to at trial. See United States v. Young, 470 U.S. 1, 14-20 (1985). In conducting federal habeas review of an appellate plain error review, federal courts "may not simply conduct [their] own plain error review de novo." James, 187 F.3d at 869. Rather, AEDPA mandates a deferential review of the appellate court's plain error review. Id. The correct standard under AEDPA requires that the state court determinations be tested "only against 'clearly established Federal law, as determined by the Supreme Court of the United States,'" and prohibits issuance of a writ of habeas corpus "unless the state court's decision is 'contrary to, or involved an unreasonable application of,' that clearly established law." Williams v. Taylor, 529 U.S. 362, 379 (2000) (quoting 28 U.S.C. § 2254(d)(1)). To justify federal habeas relief, the state court's application of governing federal law must be shown to be objectively unreasonable. Middleton v. McNeil, 541 U.S. 433, 436 (2004).

Here, the magistrate applied the above standard to petitioner's claim that the prosecutor misdefined "deliberation." The magistrate did not adopt, wholesale, the Missouri Court of Appeals analysis as petitioner claims. Rather, the magistrate indicates agreement with the state court's conclusion that the prosecutor did not misdefine "deliberation." Agreement is not equivalent to adoption.

In sum, the magistrate correctly stated the standard of

review and correctly applied that standard to Ground 1. After careful consideration of the magistrate's report, petitioner's objections, and the entire record, the Court agrees that the prosecutor's challenged comments did not deprive petitioner of due process. Petitioner's objection will be overruled, and the magistrate's full analysis of Ground 1 will be adopted.

**Ground 2**

To prevail on a claim of ineffective assistance of counsel, petitioner must show that his counsel's performance was deficient as a matter of constitutional law and that petitioner was prejudiced by the deficient performance. Strickland v. Washington, 466 U.S. 668, 687 (1984). A constitutionally deficient performance is one that falls "outside the wide range of professionally competent assistance." Id. at 690. A defendant is prejudiced by deficient performance if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "There is a strong presumption that counsel's strategic choices were reasonable." Forsyth v. Ault, 537 F.3d 887, 891 (8th Cir. 2008) (citing McGurk v. Stenberg, 163 F.3d 470, 473 (8th Cir. 1998)). In this case, the state court applied the Strickland standard set forth above in rejecting petitioner's ineffective assistance of counsel claims. Accordingly, the Court will defer to the state court's decision unless the decision was contrary to or an

10

objectively unreasonable application of Strickland. See Middleton, 541 U.S. at 436; Williams, 529 U.S. at 379.

In Ground 2, petitioner asserts that his trial counsel was ineffective inasmuch as he did not have petitioner testify on his own behalf during trial. In his objections, petitioner generally "objects to the conclusion the Magistrate Judge made concerning Ground Two." Doc. #22, p. 4. This "objection" is not sufficient to warrant de novo review. See, e.g., Nabors, 929 F.2d at 355. While petitioner's general objection to the magistrate's ultimate conclusion is not sufficiently specific to warrant de novo review, the Court will give de novo review to two objections. First, petitioner argues that the magistrate erroneously concluded that the state courts correctly held that petitioner knew he had the right, yet chose not to testify. Second, petitioner asserts that the magistrate incorrectly concluded that he could not demonstrate prejudice from the deprivation of his right to testify.

With respect to petitioner's first objection, petitioner challenges the magistrate's deference to facts found by the state courts. Upon his motion for post-conviction relief, the state trial and appellate courts found that there was no credible evidence that petitioner's counsel refused to let him testify against his wishes otherwise. Resp. Exh. F, p. 39; Resp. Exh. J, p. 6. Petitioner argues that the magistrate should not have deferred to these state court findings. The Court will review this issue de novo.

In ruling on a petition for a writ of habeas corpus, federal courts cannot overturn a factual conclusion by a state court unless the conclusion is not "fairly supported by the record." Parker v. Dugger, 498 U.S. 308, 320 (1991). The evidence in the record regarding petitioner's knowledge of his right to testify includes petitioner's admission during his trial that he understood his right to testify and that he freely chose not to testify. Resp. Exh. B, p. 587. At an evidentiary hearing during petitioner's post-conviction proceedings, his counsel testified that he advised petitioner of his right to testify. Resp. Exh. G, p. 37-38. Based on the record before it, the Court believes that the state courts' finding was fairly supported by the record. Accordingly, the Court will overrule petitioner's objection to the magistrate's report on this issue and find that petitioner's counsel was not ineffective with respect to not calling petitioner to testify.

Petitioner's second objection to the magistrate's report on Ground 2 is that the magistrate incorrectly concluded that he was not prejudiced by his counsel's failure to call him to testify at trial. This issue is somewhat academic because the Court, the magistrate, and the state courts all found that petitioner's counsel was not ineffective. Courts are only required to consider prejudice if they first find that counsel's performance fell below the constitutional threshold. See Johnson v. Lockhart, 921 F.2d 796, 799-800 (8th Cir. 1990). Nevertheless, because prejudice was

12

addressed by the Missouri Court of Appeals, the magistrate, and petitioner's objection, the Court will consider the issue.

To prevail on an ineffective-assistance claim, petitioner must demonstrate that he was prejudiced by his counsel's alleged deficiency. Strickland, 466 U.S. at 687. The alleged deficiency in this case was petitioner's counsel's failure to call plaintiff to testify. Petitioner argues that the prejudice is derived from the jurors not hearing his testimony about his whereabouts on August 26 and 27, 1997 and about how the police used coercive tactics to procure his confession. Petitioner made this argument in state court in his motion for post-conviction relief. The Missouri Court of Appeals described the state evidentiary hearing testimony regarding petitioner's alibi and coerced confession as follows:

> On August 26, 1997, between 8:00 and 9:00 a.m., [petitioner] got on a bus to go to a probation hearing in Clayton that was scheduled for 10:00 a.m. He was in court for about an hour to an hour and a half. He then got back on the bus to return to St. Louis City where he stopped at [Darlene] Pendleton's house "for a minute," from sometime between noon and 2:00 p.m. until about 6:00 or 7:00 p.m., when a friend of his, Charles Crawford, picked him up and took him to the house of his cousin, James Jones [ ], on the south side of the city. [Petitioner] spent the night at Jones's house. Sometime after 9:00 a.m. on August 27, [petitioner] left Jones's house to go to his mother's house.
> ***
> Further, at the evidentiary hearing, [petitioner] testified that while the police were interrogating him at the police station, one of the officers, whose name he did not recall, hit him over the head with a phone book and he could not remember anything after that point. Trial counsel testified that he did not recall [petitioner] telling him about such an

13

incident and that, in light of his other concerns, he would not have called [petitioner] to testify just to state that he was hit over the head with a phone book.

Resp. Exh. J, pp. 7-8.

Applying the Strickland standard, the trial-level court did not reach the issue of prejudice, finding that petitioner's motion failed because he had not demonstrated ineffective assistance of counsel. Resp. Exh. F, p. 5-6. The Missouri Court of Appeals also applied the Strickland standard and affirmed the trial court's conclusion that petitioner's counsel was not ineffective. Resp. Exh. J, p. 6. Despite this conclusion (which was sufficient to reject petitioner's claim), the appellate court proceeded with the Strickland analysis to decide whether petitioner was prejudiced by his counsel's decision not to call petitioner to testify. The court found petitioner's testimony at the evidentiary hearing to be "self-serving" and internally conflicted. The court noted petitioner testified he stopped at his friend's house for "a minute" but then provided times that would place him there for at least four hours. With respect to the allegedly coerced confession, the court noted that petitioner never told his trial counsel about being hit by a phone book. The Missouri Court of Appeals concluded that petitioner had not established prejudice, providing a second, independent basis for rejecting petitioner's ineffective-assistance claim.

Because this claim was rejected in the state proceeding, the Court may not grant habeas relief unless the state decision is

contrary to, or involves an unreasonable application of, federal law.  James, 187 F.3d at 869.  A decision is contrary to federal law when it is opposite to the Supreme Court's conclusion on a question of law, or different from the Court's conclusion on a set of materially indistinguishable facts.  Williams, 529 U.S. at 379.  An "unreasonable application" is one that, "evaluated objectively and on the merits, resulted in an outcome that cannot reasonable be justified under existing Supreme Court precedent," James, 187 F.3d at 869 (quoting Long v. Humphrey, 184 F.3d 758, 760 (8th Cir. 1999)), or that unreasonably refuses to extend a legal principle to a new context where it should apply, Carter v. Kemna, 255 F.3d 589, 592 (8th Cir. 2001).

Petitioner has not cited any Supreme Court cases of which the state court's conclusion runs afoul, and the Court's own research does not reveal any.  Accordingly, the Court will overrule petitioner's objection to the magistrate's finding that petitioner could not demonstrate prejudice by his counsel's failing to call him to testify.

**Ground 3**

In Ground 3, petitioner asserts that his counsel was ineffective for failing to call Darlene Pendleton to testify on his behalf at trial.  The magistrate recommends denial of Ground 3.  Petitioner objects to that recommendation on the basis that the magistrate "erroneously applied an 'objectively unreasonable'

15

standard in reviewing the State courts' application of clearly established Supreme Court law." Doc. #22, p. 6. The Court will give de novo review to this issue.

In the report and recommendation, the magistrate set out the standard of review applied by federal courts to state court decisions in habeas cases. The magistrate stated that "[t]o justify federal habeas relief, the state court's application of governing federal law must be shown to be not only erroneous, but <u>objectively unreasonable</u>." Doc. #19, p. 9-10 (emphasis added). The magistrate cited <u>Middleton v. McNeil</u>, 541 U.S. 433, 436 (2004)(per curiam), in support of this statement of the law. In <u>Middleton</u>, the Supreme Court stated that in order for a federal court to grant habeas relief to a state prisoner, the state court's application of federal law "must be shown to be not only erroneous, but <u>objectively unreasonable</u>." <u>Id.</u> (emphasis added). While the magistrate did not place the statement of the law in quotations, his statement of the standard was a direct quotation from the Supreme Court. Accordingly, the magistrate did not error by testing whether the state court's application of <u>Strickland</u> was objectively unreasonable, and petitioner's objection will be overruled.

**Ground 4**

In Ground 4, petitioner asserts that his counsel was ineffective for failing to request a jury instruction that would

16

have instructed the jury not to draw an adverse inference from the fact that petitioner did not testify. The magistrate recommends denial of Ground 4. Petitioner objects to that recommendation on the basis that the magistrate "erroneously applied the wrong analysis as to determining whether Petitioner's counsel failed to comply with the norms, standards and practices of Strickland." Doc. #22, p. 6. Petitioner further elaborates on that argument, stating that the magistrate erred "when he concluded the Petitioner must overcome the presumption that under the circumstances at trial, counsel's action might be considered sound trial strategy." Doc. #22, p. 7. The Court will review this objection de novo.

Petitioner's objection again concerns whether the magistrate applied the correct legal standard in analyzing petitioner's claim. In Strickland, the Supreme Court stated that a habeas petitioner "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Strickland, 466 U.S. at 689 (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955)). The magistrate applied this exact standard to petitioner's claim and found that the state court's determination that petitioner's counsel's decision not to request the instruction was not an unreasonable application of Strickland in that it could be considered sound strategy not to ask for the instruction to avoid further drawing attention to the fact that petitioner failed to testify. Thus, because the magistrate applied the correct standard and because the Court agrees with the

magistrate's conclusion, the Court will overrule petitioner's objection to Ground 4.

## Conclusion

This Court has reviewed the record, the petition, the magistrate judge's report and recommendation, and petitioner's objections thereto. The Court finds that the report and recommendation sets forth a correct analysis of the issues raised in the petition. Petitioner's objections to the report and recommendation are without merit and are denied in their entirety, and the Court will adopt the report and recommendation of the magistrate judge. Accordingly,

**IT IS HEREBY ORDERED** that petitioner's objections to the report and recommendation [Doc. #22] are overruled.

**IT IS FURTHER ORDERED** that the magistrate judge's report and recommendation [Doc. #19] is hereby accepted and adopted.

**IT IS FURTHER ORDERED** that the petition of Johnnie Little for a writ of habeas corpus under 28 U.S.C. § 2254 is denied.

**IT IS FURTHER ORDERED** that no certificate of appealability shall be issued.

Dated this  24th  day of March, 2010.

/s/Donald J. Stohr
UNITED STATES DISTRICT JUDGE